

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Milton Greer Mell
District Attorney
7th Judicial District
Tyler, Texas

Dear Sir:

Opinion No. 0-2187
Re: Grand Jurors should be selected
by Jury Commission in Smith
County - Petit Jurors of Smith
County should be selected under
jury wheel system.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Will you please give us your opinion upon
the following question:

"Article 2096 of the Revised Civil Stat-
utes of Texas requires Counties of a certain size
to use a jury wheel in selecting jurors in the
County and District Courts. You will observe
that this Article merely uses the word 'jurors'
and does not specify or specifically state that
the Grand Jury shall be drawn from the jury
wheel.

"There is also a statute, Article 333 of
the Code of Criminal Procedure, providing for
the manner of selection of grand jurors. The
question is: Should grand jurors as well as
petit jurors be selected from the jury wheel
in Counties where the jury wheel is in use,
or should the Court select the petit jury from
the jury wheel and order a Jury Commission to
pick the Grand Jury?"

Article 2094, Vernon's Annotated Texas Civil Stat-
utes, is applicable to Smith County, Texas, and reads as follows:

Honorable Milton Greer Mell, Page 2

"Between the first and fifteenth days of
August of each year, in each county having a
population of at least fifty-eight thousand or
having therein a city containing a population
of at least twenty thousand, as shown by the
preceding Federal Census, the Tax Collector or
one of his deputies, together with the Tax
Assessor or one of this deputies, together with
the Sheriff or one of his deputies, and the
County Clerk or one of his deputies, and the
District Clerk or one of his deputies, shall
meet at the court house of their county and
select from the list of qualified jurors of
such county as shown by the tax lists in the
Tax Assessor's office for the current year,
the jurors for service in the District and
County Courts of such county for the ensuing
year in the manner hereinafter provided."

Article 2095, V. A. T. C. S., directs the method
of placing cards of the names and addresses of prospective
jurors in the jury wheel, etc.

Article 2096, V. A. T. C. S., reads as follows:

"Not less than ten days prior to the first
day of a term of court, the district clerk or
one of his deputies, and the sheriff, or one
of his deputies, in the presence and under the
direction of the district judge, if the jurors
are to be drawn for the district court, or
the clerk of the county court, or one of his
deputies, and the sheriff, or one of his
deputies, in the presence and under the direc-
tion of the county judge, if the jurors are
to be drawn for the county court, shall draw
from the wheel containing the names of jurors,
after the same has been well turned so that
the cards therein are thoroughly mixed, one
by one the names of thirty-six jurors, or a
greater or less number where such judge has
so directed, for each week of the term of
the district or county courts for which a
jury may be required, and shall record such
names as they are drawn upon as many separate

Honorable Milton Greer Mell, Page 3

sheets of paper as there are weeks for such
term or terms for which jurors will be re-
quired. At such drawing no person other
than those above named shall be permitted
to be present. The officers attending such
drawing shall not divulge the name of any
person that may be drawn as a juror to any
person."

We call your particular attention to Article 2097,
Vernon's Annotated Texas Civil Statutes, which clearly
denotes that the jury wheel system is applicable to the
selection of petit jurors, not grand jurors. Said article
reads as follows:

"The several lists of names so drawn, shall
be certified under the hand of the clerk or
the deputy doing the drawing, and the dis-
trict or county judge in whose presence said
names were drawn from the wheel, to be the
list drawn by said clerk for the said several
weeks, and shall be sealed up in separate
envelopes indorsed, 'List of petit jurors
for the ___ week of the ___ term of the
___ court of ___ county,' (filling in the
blanks properly) and the clerk doing the
drawing shall write his name across the seals
of the envelopes and shall then immediately
deliver the same to the judge in whose pre-
sence such names were drawn, or to his suc-
cessor in office in case such judge dies before
such delivery can bemade to him." (Underscoring
ours)

We quote from 26 Texas Jurisprudence, Jury, Sec-
tion 3, Definitions and Terminology, pages 566 and 567, as
follows:

"Where the word 'jury' is used alone it
usually signifies a petit jury, and it is so
used throughout this article. Generally speak-
ing, 'jury' means the twelve or six men or-
ganized for the trial of a particular case, but
the term is also used more broadly in the sense
of 'panel'. . . .

"'Panel' is another word that is used in various senses. According to its context, it may mean the jurors for the term or for the week, or the names drawn from the box and listed. The word has also been used to designate the men impaneled to try the cause and even an individual juror. Similarly, the terms 'impanelment' and 'impaneled' are used to denote completion of the organization of a panel for the week and a jury for the cause.

"'Juror' is also a word of comprehensive meaning, signifying either one eligible to serve, or one selected to serve, or one on the panel, or one actually serving. Since it tends to clarity that the word used should indicate whether prospective or actual service is meant, 'juror' might be used in this article in the prospective sense and 'juryman' employed to denote one who actually sits in the case."

Chapter 1, Title 7, Vernon's Annotated Texas Code of Criminal Procedure, provides a specific and detailed method for the organization of the Grand Jury. Article 333, V. A. T. C. C. P., provides for the appointment of three jury commissioners, by the District Judge at each term of the District Court, and prescribes certain qualifications which each jury commissioner must possess. Article 334, V. A. T. C. C. P., provides for the notification of such commissioners of such appointment. Article 335, V. A. T. C. C. P., prescribes the form of oath to be taken by such commissioners. Article 336, V. A. T. C. C. P., provides for the instruction by the Judge of said commissioners as to their duties, etc. Article 337, V. A. T. C. C. P., provides that the jury commissioners shall be kept free from intrusion during their session, etc. Article 338, V. A. T. C. C. P., provides that the jury commissioners shall select sixteen men from the citizens of the different portions of the county to be summoned as grand jurors for the next term of the court. We also call your attention to Articles 340, 341, 342, 344, 345, 348, 349, 352, 353, 354, 355 and 357, Vernon's Annotated Texas Code of Criminal Procedure, which deal with the organization of the grand jury.

Honorable Milton Greer Mell, Page 5


　　　　　You are respectfully advised that it is the opinion
of this department:

　　　　　1.　That Articles 2094, 2095, 2096, et seq., Vernon's
Annotated Texas Civil Statutes, known as the "Jury Wheel
Law" deal with the selection of petit jurors in county and
district courts and not with the selection of grand jurors.

　　　　　2.　That petit jurors of Smith County, Texas, in
county and district courts should be selected under the
"Jury Wheel Law".

　　　　　3.　That grand jurors of Smith County, Texas,
should be selected in the manner outlined by the pertinent
statutes set out in Chapter 1, Title 7½ Vernon's Annotated
Texas Code of Criminal Procedure.

　　　　　Trusting that this satisfactorily answers your
inquiry, we are

　　　　　　　　　　　　　Very truly yours

　　　　　　　　　　　　ATTORNEY GENERAL OF TEXAS

　　　　　　　　By

　　　　　　　　　　　　Wm. J. Fanning
　　　　　　　　　　　　Assistant


WJF:GO　　　　　　　　APPROVED FEB 27, 1941

　　　　　　　　　　ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN